PEOPLE, PLAINTIFF AND APPELLEE, *v.* CONCEPCIÓN, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution
for Mayhem.

No. 1909.—Decided May 11, 1922.

MAYHEM—INSTRUCTIONS TO JURY.—If the defendant accepts the instructions as
given and does not ask that they be amplified or that the court give the
specific instructions now alleged to have been omitted, he can not attack
them later as deficient or incomplete. *People* v. *Boria,* 12 P. R. R. 166; 16
Corpus Juris, 1023, 1024, 1056.

ID.—ID.—ASSAULT AND BATTERY—DEGREES OF CRIME—REASONABLE DOUBT.—The
crime of simple or aggravated assault and battery being comprised within
the crime of mayhem, if it is proved at the trial that the victim has not lost
the use of any important member of his body it is erroneous for the judge to
refuse to instruct the jury that if they had any reasonable doubt as to whether
the crime was one of mayhem or of aggravated assault and battery they
should give the defendant the benefit of the doubt by finding a verdict of
guilty of aggravated assault and battery.

ID.—ID.—ID.—In this case the judge said to the jury: ''You have examined that
wound; you have seen that wound, and the contraction produced by cicatri-
zation originated a kind of fissure.'' *Held:* That these statements being
substantially the same as those made by the medical expert in his report,
they can not be considered as the mere opinion of the judge about a fact,
nor can it be concluded that the defendant was prejudiced thereby.

The facts are stated in the opinion.

*Mr. José R. Aponte* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this appeal from a judgment convicting the appellant
of the crime of mayhem he alleges that the judgment should
be reversed because the court erred as follows in instructing
the jury:

'' (*a*) In not giving specific instructions on the crimes of simple
and aggravated assault and battery, inasmuch as this is a prosecu-
tion for mayhem consisting of the disfigurement of a person's face
and no mention was made at any time during the trial that any
important member of the body of the victim had been rendered
useless.

'' (*b*) In refusing to instruct the jury at the request of the de-

fendant that he was entitled to the benefit of a reasonable doubt regarding the crimes of mayhem and aggravated assault and battery.

"(c) In having charged the jury on the assumption that 'the contraction produced by the cicatrization of the wound inflicted upon the victim in this case has originated a kind of fissure,' although this was neither expressly nor tacitly admitted by the defendant and was material in a prosecution for mayhem for the disfigurement of the face, inasmuch as the jury might have understood that this fissure-like scar constituted the disfigurement."

The information filed against the defendant alleged that the crime of mayhem consisted in the cutting of Antonio Martínez "with a razor, producing a wound about seven inches long on the right side of his face, which leaves the victim with a permanent scar resulting in the disfigurement of his face."

The judge instructed the jury that if they understood that Martínez was not left disfigured, the crime committed would be limited to aggravated assault and battery in case they found that the wound was of a serious character. The judge did not specifically instruct the jury as to what constitutes aggravated assault and battery, but the defendant having accepted the instructions as given, in that he failed to ask that they be amplified or that the court give the specific instructions now alleged to have been omitted, he can not attack them later as deficient or incomplete. *People* v. *Boria,* 12 P. R. R. 166; 16 Corpus Juris, 1023, 1024, 1056.

Let us examine the second ground of appeal. At the conclusion of his charge to the jury the judge instructed them on what is a reasonable doubt and said that if they had a reasonable doubt as to whether the defendant had inflicted the wound, the benefit of the doubt should be given to the defendant and they should find him not guilty. The defendant's attorney asked the judge to instruct the jury that if they had any reasonable doubt as to whether the crime was

one of mayhem or of aggravated assault and battery, they should give the defendant the benefit of the doubt by finding a verdict of guilty of aggravated assault and battery, and the judge refused to give that instruction on the grounds that he had instructed the jury on the rule of reasonable doubt applicable to a case of mayhem and that the crime of aggravated assault and battery is not a degree of mayhem and is not included in it.

Section 286 of the Code of Criminal Procedure, as amended by Act No. 22 of March 11, 1913, provides that on an information for the crime of mayhem, the jury may find the defendant guilty of the crime of aggravated assault and battery, or of simple assault and battery, provided that at the trial it has been proved that the person assaulted has not lost the use of any important member of his body; therefore, the last ground of the court's refusal to give the instruction asked for is erroneous. But we would not reverse the judgment for that reason because the court in fact charged the jury that they could find a verdict of guilty of aggravated assault and battery if they considered that the wound was a serious one. However, as the other ground was also erroneous and prejudiced the defendant, we shall reverse the judgment because of the court's failure to give the instruction asked for, inasmuch as section 237 of the Code of Criminal Procedure provides that when it appears that the defendant has committed a public offense and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degrees only, and, therefore, the court should have instructed the jury that in case of doubt as to the degree they should find the defendant guilty in the lowest degree, and the general instruction given by the judge to the jury on reasonable doubt regarding the commission of a crime by the defendant was not a sufficient reason for refusing to give the

specific instruction asked for and to which he was entitled in accordance with the said section. The instruction as given by the court referred only to a doubt whether the defendant had inflicted the wound and did not touch upon the point to which the instruction asked for referred. 16 Corpus Juris, 1025.

As to the third ground, it is true that the court charged the jury as follows: ''You have examined that wound; you have seen that wound, and the contraction produced by cicatrization has originated a kind of fissure.'' These words did not express the opinion of the judge on a fact, as the appellant contends, but summarized *mutatis mutandis* the testimony of a medical expert who said: ''The scar will not disappear, it is permanent. The face does not look well, and is disfigured permanently. The scar can not be removed and owing to its position the face has an unpleasant appearance.'' Notwithstanding this testimony, the court instructed the jury as follows: ''If you are of the opinion that this man Martínez is disfigured as a result of the wound, according to your opinion about the disfigurement of a person, etc.'' Thereby, the court left it to the jury to determine whether or not the victim was disfigured, and, therefore, the other instruction, although not exactly and only substantially following the testimony of the physician, did not prejudice the appellant.

The appeal is sustained on the second ground and the judgment appealed from must be reversed and the case remanded for a new trial.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.